IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTAVIONE FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:22-cv-607-ECM |
| ) | (WO) |
| CITY OF MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Plaintiff Antavione Ferguson ("Ferguson") alleges he was wrongfully terminated from his employment as a Montgomery police officer by Defendants City of Montgomery ("Montgomery") and Steven Reed ("Reed"), mayor of Montgomery (collectively, the "Defendants").  Ferguson filed a complaint against the Defendants for a violation of Title VII of the 1964 Civil Rights Act (Count I), and for violations of the Fourteenth Amendment Substantive Due Process Clause, pursuant to 42 U.S.C. § 1983 (Counts II and III). (Doc. 1).

Now pending before the Court is the Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11).  They move to dismiss Count I—insofar as it is brought against Reed—and Counts II and III.  Ferguson failed to respond to the motion to dismiss.  The onus is on the parties to formulate arguments, and absent argument and supporting statutes or case law, Ferguson's failure to file a response cannot support a finding in his favor or even trigger a meaningful review by the Court. *Resolution Tr.*

*Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *Rd. Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994). Nevertheless, the Court's own analysis reveals that Ferguson's Title VII claim against Reed and his Fourteenth Amendment substantive due process claims are due to be dismissed.

## II.  JURISDICTION AND VENUE

The Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage of the proceedings, "the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Bailey v. Wheeler*, 843 F.3d 473, 478 n.3 (11th Cir. 2016).

The determination of "whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).  Indeed, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations and citations omitted).

## IV.  FACTS[1]

Ferguson, a black male, served as a Montgomery police officer from 2004 until his termination in 2020.  On June 30, 2020, while pursuing a suspect, Ferguson deployed a carotid submission hold to effectuate an arrest.  Montgomery internal affairs investigated Ferguson's use of force, and the mayor's representative held a hearing.  As a result, Ferguson received a twenty-day suspension.

Ferguson appealed this suspension directly to Reed pursuant to Montgomery City-County Personnel Board Rules.  On October 20, 2020, Reed terminated Ferguson for the

---

[1] This recitation of the facts is based on Ferguson's complaint. (Doc. 1).  The Court recites only the facts pertinent to resolving the Defendants' motion to dismiss.  For purposes of ruling on the motion, the facts alleged in the second amended complaint and reasonable inferences drawn therefrom are set forth in the light most favorable to Ferguson.

use of the carotid submission hold during the arrest. After exhausting administrative remedies, Ferguson brought this lawsuit.

## V.  DISCUSSION

### A.  Title VII Claim Against Reed

The Defendants ask the Court to dismiss Ferguson's Title VII race discrimination claim against Reed. It is unclear from the complaint against which Defendant Ferguson intends to bring his Title VII claim. The claim's heading reads: "Plaintiff's Claims of Race Discrimination in Violation of Title VII Against Defendant." (Doc. 1 at 5). Throughout the claim, Ferguson asserts that the "actions of the Defendant . . . caused the Plaintiff financial loss" and "[t]he Defendant has a habit and/or practice of allowing and condoning discrimination." (*Id.* at 7). Ferguson also seeks damages in this Count "as a consequence of Defendant's unlawful conduct." (*Id.*). Because it is unclear against which defendant Ferguson brings this claim, the Defendants assume it is against Montgomery and do not seek to have that claim against the city dismissed.

To the extent that Ferguson also brings a Title VII claim against Reed, the Defendants move to dismiss this claim. The law in this Circuit is clear that Title VII claims are properly brought against employers, not individual employees. *See, e.g.*, *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991))). Accordingly, Ferguson cannot properly bring a claim under Title

4

VII against Reed individually for his involvement in his alleged wrongful termination. And because any official capacity claim against Reed as mayor would be duplicative of Ferguson's claim against Montgomery, the Court dismisses any official capacity Title VII claim against Reed as redundant. *See Dubose v. City of Hueytown*, 2016 WL 3854241, at *6 (N.D. Ala. July 15, 2016) ("[C]ourts in the Eleventh Circuit routinely dismiss the official capacity claims against the individual defendant when the municipality they represent is also a defendant."). Therefore, to the extent that Ferguson asserts claims against Reed pursuant to Title VII, either in his individual or official capacity, those claim are due to be dismissed.

**B.      Fourteenth Amendment Substantive Due Process Claims**

The Defendants maintain that Ferguson's Fourteenth Amendment substantive due process claims are due to be dismissed because the Substantive Due Process Clause does not protect public employment rights. The Fourteenth Amendment of the U.S. Constitution prevents states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The Due Process Clause provides two different kinds of constitutional protections: procedural due process and substantive due process." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013) (citations omitted). The Substantive Due Process Clause "protects those rights that are 'fundamental,' that is, rights that are implicit in the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quotation and citation omitted). The Supreme Court has recognized a limited number of fundamental rights—

namely, those "rights enumerated in the Bill of Rights" and "certain unenumerated rights." *Id.*  Areas, however, "in which substantive rights are created only by state law (as is the case with tort law and employment law)"—not involving fundamental rights—"are not subject to substantive due process protection" of the Fourteenth Amendment. *Id.*

Here, Ferguson asserts a substantive due process right to public employment.  His claims against Montgomery and Reed are for "Violation[s] of 14th Amendment Substantive Due Process Rights," claiming Reed "wrongfully terminated" him "without review of any of the evidence and based . . . on arbitrary and capricious factors." (Doc. 1 at 8, 9).  It is clear, then, that the basis of Ferguson's substantive due process claims is his alleged right to continued employment.

In *McKinney*, however, the court held that property rights in public employment raise only procedural due process concerns, not substantive due process concerns. 20 F.3d at 1556 ("[R]emaining largely outside the scope of substantive due process jurisprudence [is] public employment law.").  Because "public employment law" falls under the category of "substantive rights . . . created only by state law," a right to continued employment is "not subject to substantive due process protection under the Due Process Clause." *Id.*  Therefore, *McKinney* forecloses Ferguson's claims to substantive due process arising from any interest he may have in continued public employment as a police officer. *See id.*  The Defendants' motion to dismiss the Fourteenth Amendment substantive due process claims, therefore, is due to be granted.

## VI.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendants' motion to dismiss (doc. 11) is GRANTED.  All claims against defendant Steven Reed are DISMISSED.  Counts II and III against the City of Montgomery are DISMISSED.

Done this 19th day of May, 2023.

                                              /s/ Emily C. Marks  
                                           EMILY C. MARKS  
                                           CHIEF UNITED STATES DISTRICT JUDGE