IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTAVIONE FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:22-cv-607-ECM |
| ) | [WO] |
| CITY OF MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Now pending before the Court is the Defendant's motion to exclude the Plaintiff's expert witness, Jon Newland, from testifying. (Doc. 29). The Plaintiff was given an opportunity to show cause why the motion should not be granted. Based on the Defendant's motion and the Plaintiff's response, the motion to exclude is due to be granted.

**I. BACKGROUND**

On July 6, 2023, the Court entered a Uniform Scheduling Order ("USO") which required the disclosure of the identity of any expert witnesses and that the parties "provide the reports of retained experts . . . [as] required by Rule 26(a)(2) of the Federal Rules of Civil Procedure." (Doc. 28 at 2–3). The USO stated the deadlines for each party to provide their expert witness disclosures and mandated that the parties "comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony." (Doc. 28 at 3). On February 20, 2024, the Plaintiff sent opposing counsel an email with an attached resume for the Plaintiff's expert witness, Jon Newland. (Doc. 29 at 3); (Doc. 29-1). The Defendant

argues that the report does not meet the requirements of FED. R. CIV. P. 26(a)(2), and as such must be excluded pursuant to FED. R. CIV. P. 37(c)(1).

## II.  LEGAL STANDARD

Rule 26(a)(2)(B) states that, for a witness "retained or specifically employed to provide expert testimony in the case," his "disclosure must be accompanied by a written report" which contains the listed requirements pursuant to Rule 26(a)(2)(B)(i)–(vi), including "a complete statement of all opinions the witness will express and the basis and reasons for them," FED. R. CIV. P. 26(a)(2)(B)(i), and "the facts or data considered by the witness in forming them," FED. R. CIV. P. 26(a)(2)(ii); *see Crews v. Pfizer, Inc.*, 2024 WL 586449, at *2 (N.D. Ala. Feb. 13, 2024) (quoting FED. R. CIV. P. 26(a)(2)(C)(ii)) ("While Rule 26 sets forth two types of expert witness disclosures, at a minimum, expert disclosures must include 'the facts and opinions to which the expert is expected to testify.'").  "A party must make these disclosures at the times and in the sequence that the Court orders." FED. R. CIV. P. 26(a)(2)(D).

"The Court is given 'broad discretion to preserve the integrity and purpose' of the pretrial scheduling order entered by the Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure." *Howland v. Hertz Corp.*, 2007 WL 9723639, at *1 (M.D. Fla. Mar. 26, 2007) (quoting *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). "Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) (emphasis omitted). "The burden of establishing that a failure

to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D. Ga. 2006)).[1]

### III. DISCUSSION

The Plaintiff's expert disclosure does not meet the requirements of Rule 26(a)(2)(B). The expert disclosure comprises Jon Newland's resume, which only provides the witness's qualifications. It does not provide his opinions, the facts he used to form his opinions, any exhibits he will use, a list of all other cases in which he has testified as an expert, or the compensation he will receive for his study and testimony of the case. FED. R. CIV. P. 26(a)(2)(B). Further, the Plaintiff makes no argument that his non-compliance with the Court's USO and Rule 26 was substantially justified or harmless. His show cause response simply states that he met the deadline to disclose his expert witness, that the expert witness "has not prepared any reports about the case," and that the Defendant knows the expert witness's opinions because it has a "transcript of the Montgomery City-County Personnel Board Hearing at which Mr. Newland testified as to his expert opinions in this case." (Doc. 32 at 1). None of these pronouncements rise to the level of argument demonstrating substantial justification for his noncompliance or that his noncompliance is harmless to the Defendant. *Cf. OFS Fitel, LLC*, 549 F.3d at 1362–65 (holding that plaintiff had "substantial justification for its conduct as to its expert report" because, *inter alia*, the plaintiff told the defendant "repeatedly" that it needed attorney depositions before the

---

[1] While the Court recognizes that *Mitchell v. Ford Motor Co.* is an unpublished opinion, the Court finds its analysis to be persuasive.

expert witness could do her report). The fact that the Defendant allegedly has a transcript from a prior hearing containing the expert witness's opinion is insufficient to satisfy Rule 26(a)(2)(B)(i). "The obligation of a party under the expert disclosure rule is to set forth the expert's testimony regardless of whether the defendants may know what the testimony will be." *Chapple v. Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997).[2] Even if it did satisfy Rule 26(a)(2)(B)(i), the disclosure is still deficient under Rule 26(a)(2)(B)(ii–vi).

The information required by Rule 26(a)(2)(B) "is required in the expert's written report precisely because it is important information necessary to attorneys in preparation for deposing the expert." *OFS Fitel, LLC*, 549 F.3d at 1362. A transcript from a prior hearing and a resume "provides no notice to the defendants as to what [the expert witness's] direct testimony will be" and does not allow the Defendant to adequately prepare for their own expert witness disclosures or for deposition of the Plaintiff's expert witness. *Chapple*, 174 F.R.D. at 701. Because the Plaintiff's expert disclosure does not comport with the requirements of the Court's USO and Rule 26 by not providing a proper expert witness report, and because the Plaintiff does not offer a sufficient justification for his deficiency, the Court finds that exclusion is appropriate.

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the motion to exclude expert witness (doc. 29) is GRANTED.

---

[2] Although the Middle District had "opted out of many of the provisions of Rule 26 of the Federal Rules of Civil Procedure" at the time of the case, "[m]uch of the language of Rule 26 [had] been incorporated into the court's Uniform Scheduling Order." *Chapple*, 174 F.R.D. at 699. Therefore, this Court finds its analysis persuasive.

DONE this 8th day of April, 2024.

                                          /s/ Emily C. Marks
                                 EMILY C. MARKS
                                 CHIEF UNITED STATES DISTRICT JUDGE